IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON KIMBLE,                               :

            Plaintiff,                  :        Case No. C2:06-cv-287

            v.                          :        Judge Smith

MAIL CONTRACTORS OF                         :        Magistrate Judge Abel
AMERICA, INC.,
                                            :
            Defendant.


## REPORT AND RECOMMENDATION

Plaintiff Jason Kimble (Kimble) brings this action against Mail Contractors of America, Inc. (MCA), for confirmation of an arbitration award and for breach of contract. This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 8, filed April 25, 2006).

MCA urges that Kimble's claims are pre-empted by Section 301 of the Labor Management Relations Act of 1947 (LMRA) (codified at 29 U.S.C. § 185 (2000)), and that under § 301, an employee lacks standing to bring an action against his employer alone. MCA alternatively claims that any applicable statute of limitations has run on Kimble's claims. Kimble counters that Section 301 does not apply, and if it is found to apply, Kimble requests leave to amend his complaint to include as a defendant his union, the American Postal Workers Union (APWU). Kimble also asserts that his claims were timely filed. MCA asks the Court to deny Kimble's request for leave to amend his complaint.

For the reasons stated below, it is recommended that the Court grant MCA's motion to dismiss, allowing Kimble fifteen days to file a motion for leave to amend his complaint, supported by a proposed amended complaint that includes a claim against APWU for breach of its duty of fair representation. Plaintiff's state law claims are pre-empted by LMRA § 301. Under § 301, the plaintiff does not have standing to bring a claim solely against his employer. He must bring a "hybrid" claim, alleging that the defendant breached the collective bargaining agreement and that his union breached its duty of fair representation. Kimble has filed neither a proposed amended complaint nor a motion for leave to amend, but he has asked for leave to amend in his brief in opposition to this motion to dismiss. While this Order grants plaintiff the opportunity to tender a proposed amended complaint, it is premature to rule on whether he will be able to state a claim against his employer and his union in that complaint.

**Background**

MCA is a shipping company whose major client is the United States Postal Service. Def. brief at 4. Kimble began working for MCA in July 2002. Complaint Exh. B at 4. In December 2002, problems surfaced, and Kimble was subsequently suspended, and then terminated. *Id.* at 4-5. APWU, Kimble's union while he was employed at MCA, filed a grievance on his behalf, and pursuant to the collective bargaining agreement between MCA and APWU (CBA), the matter was submitted to binding arbitration. Complaint ¶ 5. In the meantime, Kimble started his own trucking business. Complaint Exh. B at 15-16. The arbitrator, on May 25, 2004, awarded Kimble reinstatement (which Kimble declined), as well as lost wages and benefits, less income received from Kimble's trucking business in the interim. *Id.* at 16. The parties appear to have agreed on $67,897.56 as the appropriate amount of lost wages due Kimble. Def. Brief at 6; Plaint. Brief at 2.

The source of the dispute is that MCA claims that Kimble's gross receipts from the trucking business in 2003 of over $71,000 obviate the need for any payment, since it is greater than the amount owed. Def. Brief at 7. Kimble, on the other hand, alleges that the award should only be reduced by profits from the business, and that the business operated at a net loss in 2003, thus requiring that MCA pay Kimble the full amount of $67,897.56. Plaint. Brief at 2. MCA's contention was made clear in a letter to Kimble dated October 21, 2004. Def. Reply Brief at 17. However, negotiations between APWU and MCA appear to have been ongoing during this entire period. On July 26, 2005, APWU sent a letter to the arbitrator requesting clarification of the issue. The arbitrator responded that he could not clarify the dispute without both parties' consent, and MCA denied such consent, making it clear in an email to APWU on November 14, 2005. Complaint ¶¶ 11-14. APWU appears to have taken no action with respect to Kimble's claim subsequent to this email, and Kimble filed suit against MCA only on March 7, 2006.

**Standard of Review**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of

3

factual allegations.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

**Standing**

Any claim for breach of contract of a collective bargaining agreement arises under § 301 of the LMRA. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). In addition, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983) (quoting *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists*, 376 F.2d 337, 339 n.1 (6th Cir. 1967), *aff'd* 390 U.S. 557 (1968)).

Because the legal force of the arbitration decision arises solely from the CBA, both of Kimble's claims arise out of a collective bargaining agreement, and any state-law claims are preempted by § 301. *See Alongi v. Ford Motor Co.*, 386 F.3d 716, 724 (6th Cir. 2004). All of the cases cited by Kimble denying preemption involve statutory violations or breaches of contracts other than collective bargaining agreements, so they are inapplicable. Thus, Kimble only has standing to bring the claims if he has standing under § 301.

An individual does not have standing to bring a claim against his employer for breach of a collective bargaining agreement, unless he also brings a claim in the same action against his union for breach of its duty of fair representation. *Aloisi v. Lockheed Martin Energy Sys.*, 321

4

F.3d 551 (6th Cir. 2003). Thus, Kimble has no standing to bring this claim against MCA without any claim against APWU.

**Leave to Amend the Complaint**

Kimble does not dispute that if his state-law claims are preempted by § 301, then he does not have standing. Instead, Kimble prays for leave to amend his complaint to include a claim for breach of the duty of fair representation against APWU. Leave to amend under Fed. R. Civ. P. 15(a) is granted liberally, in the interest of justice. A party ought to be afforded an opportunity to "test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, futility is a proper rationale for denying a party leave to amend his complaint. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999). A proposed amended complaint is adjudged to be futile when it would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000). As no proposed amended complaint has yet been filed, it would be premature to rule on its futility. However, some observations may be made.

**Statute of Limitations**

A hybrid action under § 301 has a six-month statute of limitations. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 154 (1983). The cause of action for a hybrid claim accrues when the employee "'discovers, or should have discovered with exercise of due diligence,'" that their union "'has abandoned [their] claim.'" *Garrish v. Int'l Union, United Automobile, Aerospace, and Agricult. Implement Workers of America*, 417 F.3d 590, 594 (6th Cir. 2005) (quoting *Wilson v. Int'l Brotherhood of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996)).

Since Kimble's claim was filed on March 7, 2006, relief is time-barred unless Kimble did not discover and had no reason to discover that APWU had abandoned his claim until at the earliest September 7, 2005. Based on the assertions made in his brief, Kimble may be able to

5

allege with specific facts that he did not know, nor should he have known, that APWU had abandoned his claim. Thus, it is not true that any hypothetical amended complaint consistent with the present factual allegations that Kimble could file would be dismissed pursuant to Rule 12(b)(6) due to the statute of limitations.

**Futility of a Claim Against the Union**

MCA also asserts that allowing Kimble to amend the complaint to include a claim against APWU for breach of the duty of fair representation would be futile. Def. Brief at 8-9. MCA claims that Kimble's admission in the complaint that APWU "strenuously opposed MCA's interpretation of the Opinion and Award," Complaint ¶ 10, is inconsistent with a breach of the duty of fair representation. However, it seems at least plausible that APWU could have acted diligently on Kimble's behalf for a time, later breaching its duty of fair representation. APWA, not Kimble, had experience with the requirements of the collective bargaining agreement and the statutory and case law regarding the enforcement of arbitration awards. Kimble may have been unaware that the statute of limitations for filing suit to enforce the award was running and was, consequently, fully satisfied with APWU's efforts to get MCA to pay him the full amount of the award. Thus, I cannot say at this time that any proposed amended complaint Kimble might move to file could not survive a Rule 12(b)(6) motion to dismiss.

**Conclusion**

For the reasons set out above, the Magistrate Judge finds that defendant's April 25, 2006, motion to dismiss (doc. # 8) is meritorious; and, therefore, RECOMMENDS that it be GRANTED. In addition, the Magistrate Judge finds that plaintiff should be allowed fifteen (15) days to file a motion for leave to amend his complaint, along with a proposed amended complaint.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


s/Mark R. Abel                          
United States Magistrate Judge